UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEREMY MacFARLANE, MARTIN
HERMIZ, PETER GIRGIS, MOMTAZ
TAWFIK, and HANSEE SESI,

      Defendants.
                                   /

CASE NO. 03-81083
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny defendant Sesi's motion to dismiss (docket #34). The Court should also deny defendant Girgis's motion to dismiss (docket #37).

II.    REPORT:

A.    *Procedural Background*

This criminal prosecution arises from the grand jury's two-count indictment returned on December 4, 2003. The indictment charges in Count I that each defendant, from on or before February 5, 2002, until the date of the indictment, conspired to possess with the intent to distribute more than 50 but less than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. Count II charges that each defendant except for defendant Sesi, possessed with the intent to distribute more than 50 but less than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a).

The matter is currently before the Court on defendant Sesi's motion to dismiss filed on

October 4, 2006, and on defendant Girgis's motion to dismiss Count I, filed on October 16, 2006. Both motions, based on FED. R. CRIM. P. 12(b)(3), argue that the government has no evidence to connect the moving defendant to a drug conspiracy beyond mere association. Therefore, the defendants argue, the government is unable to establish probable cause to believe that they were members of a drug conspiracy. On October 31, 2006, the government filed identical responses to the motions, arguing that defendants' arguments are premature because the sufficiency of the grand jury's finding of probable cause may not be challenged through a motion to dismiss the indictment. For the reasons that follow, the Court should deny the defendants' motions to dismiss.

B.     *Analysis*

Each defendant argues that the government will be able to adduce no evidence at trial other than that they associated with the other alleged conspirators in this case. As defendants correctly note, a defendant's mere association with conspirators is insufficient to establish participation in the conspiracy; rather, the government must prove that the defendant knew of the conspiracy and voluntarily joined it. *See United States v. Pearce*, 912 F.2d 159, 162 (6th Cir. 1990); *United States v. Christian*, 786 F.2d 203, 211 (6th Cir. 1986). Therefore, defendants argue, there is not sufficient evidence to establish probable cause to believe that they were members of the alleged conspiracy.

While the defendants' statement of conspiracy law is accurate, it is also irrelevant at this stage of the proceedings. The proper time to raise a challenge to the sufficiency of the government's proof regarding their involvement in the conspiracy is after the government has presented its evidence. Defendants may not challenge the sufficiency of the evidence through a pre-trial motion to dismiss the indictment. As the Supreme Court has explained, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid

on its face, is enough to call for trial of the charges on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956) (footnote omitted); *see also*, *United States v. Calandra*, 414 U.S. 338, 345 (1974) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."). In other words, "[w]hen a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial." *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982).

Defendants do not contend that the grand jury was not legally constituted or was biased, nor do they argue that the indictment is in any other respect facially invalid. There is therefore no basis to dismiss the indictment on the ground that there is insufficient evidence to support the grand jury's finding of probable cause. *See United States v. Adamo*, 742 F.2d 927, 936 (6th Cir. 1984); *United States v. Warner*, 690 F.2d 545, 554 (6th Cir. 1982); *Short*, 671 F.2d at 183. Accordingly, the Court should deny defendants' motions to dismiss.

C.    *Conclusion*

In view of the foregoing, the Court should deny defendant Sesi's motion to dismiss and deny defendant Girgis's motion to dismiss.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/Paul J. Komives
                              PAUL J. KOMIVES
                              UNITED STATES MAGISTRATE JUDGE

Dated: 11/20/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 20, 2006.

                            s/Eddrey Butts
                            Case Manager